UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                                                       CASE NO.: 8:15-bk-09859-CED
                                                                                          CHAPTER 7
Joseph E. Donnelly,

   Debtor.

_____/

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
*(Final Judgment of Foreclosure Obtained)*

> **NOTICE OF OPPORTUNITY TO**
> **OBJECT AND REQUEST FOR HEARING**
>
> **Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within twenty one (21) days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602 and serve a copy on the movant's attorney, Attorney for Secured Creditor, at Robertson, Anschutz & Schneid, PL, 6409 Congress Ave., Suite 100, Boca Raton, FL 33487, and any other appropriate persons within the time allowed.**
>
> **If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

     Secured Creditor, PROVIDENT FUNDING ASSOCIATES, L.P., by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor, JOSEPH E. DONNELLY, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on September 28, 2015. An Order converting the case to a case under Chapter 7 was entered on January 27, 2016.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. Secured Creditor filed a foreclosure complaint against the Debtor(s) on August 27, 2014 in the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Case Number: 14-CA-008681, due to the default under the terms of the Note and Mortgage securing Secured Creditor's interest in certain real property legally described as:

LOT 6, BLOCK 22, OF HERITAGE HARBOR - PHASE 2A AND 8A, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 83, PAGE 94, OF THE CURRENT PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA. APN#012928-1044

This property is located at the street address of: 4332 WATERFORD LANDING DRIVE, LUTZ, FL 33558.

4. A Final Judgment of Foreclosure ("Judgment") was entered against the Debtor(s) on June 11, 2015 in the amount of $316,791.95. A true and accurate copy of the Judgment attached hereto as Exhibit "A." The Judgment has not been satisfied by the Debtor(s).

5. The appraised value of the property is $258,746.00. See Exhibit "B" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

6. Based upon the Debtor(s)' schedules, the property is claimed as non-exempt. The Trustee has not abandoned the property.

7. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

8. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

9. Secured Creditor respectfully requests this Court grant it relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

10. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys'

fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

11. A Proposed Order accompanies this Motion. See Exhibit "C" attached hereto.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

**I HEREBY CERTIFY** that on April 7, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:


JOHN E KASSOS, PA
2200 49TH STREET NORTH
ST PETERSBURG, FL  33710

JOSEPH E. DONNELLY
4332 WATERFORD LANDING DRIVE
LUTZ, FL  33558

KELLY REMICK
CHAPTER 13 STANDING TRUSTEE
POST OFFICE BOX 6099
SUN CITY, FL  33571

UNITED STATES TRUSTEE - TPA 7/13, 7
TIMBERLAKE ANNEX, SUITE 1200
501 E POLK STREET
TAMPA, FL  33602

                                      ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
                                      Attorney for Secured Creditor
                                      6409 Congress Ave., Suite 100
                                      Boca Raton, FL 33487
                                      Telephone: 561-241-6901
                                      Facsimile: 561-997-6909
                                      By: /s/ Vanessa D. Torres
                                      Vanessa D. Torres, Esquire
                                      Florida Bar Number 93113
                                      Email: vdtorres@rasflaw.com

11/4

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL
CIRCUIT IN & FOR
PALM BEACH COUNTY, FLORIDA

FOR
CLERK'S
USE ONLY

Clerk Case Number: 50 2010 CA 028435 XXXX MB AV
Division: Circuit Civil

CitiMortgage, Inc., as Successor by Merger to ABN AMRO Mortgage
Group, Inc.,

    Plaintiff(s),

vs.

Dominic Zeoli and Carol J. Zeoli a/k/a Carol Zeoli, His Wife; Unknown
Tenants in Possession #1; Unknown Tenants in Possession #2; If living,
and all Unknown Parties claiming by, through, under and against the
above named Defendant(s) who are not known to be dead or alive,
whether said Unknown Parties may claim an interest as Spouse, Heirs,
Devisees, Grantees, or Other Claimants

Defendant(s).

**CONSENT IN REM FINAL JUDGMENT OF FORECLOSURE**

THIS action came before the Court on the evidence presented, and Dominic Zeoli
and Carol J. Zeoli a/k/a Carol Zeoli having agreed to entry of this Final Judgment of
Mortgage Foreclosure and all other parties having been defaulted,

**IT IS ORDERED AND ADJUDGED** that:

1. Plaintiff, CitiMortgage, Inc., as Successor by Merger to ABN AMRO Mortgage
   Group, Inc. is due:

| | |
|---|---|
| Principal Due on Note and Mortgage | $274,419.03 |
| Interest to the date of this Judgment | $87,758.58 |
| Title Search Expenses | $325.00 |

| | |
|---|---:|
| Taxes: | $14,878.60 |
| Attorney fees: | |
| The requested attorney's fee is a flat rate fee that the firm's client has agreed to pay in this matter. Given the Amount of fee requested and the labor expended, the Court finds that a lodestar analysis is not necessary and that the flat fee is reasonable. | *$1,300.00* |
| Additionally based upon: | |
| Contested Fee 23.65 hrs at $150.00 per hour | *$3,547.50* |
| Contested Fee 5 hrs at $175.00 per hour | *$875.00* |
| Contested Fee 4.1 hrs at $215.00 per hour | *$881.50* |
| **Attorney Fee Total** | **$6,604.00** |
| | |
| **Court Costs Now Taxed** | |
| Filing Fee/ Statutory Convenience Fee | $1,946.00 |
| Filing Fee for Lis Pendens | $9.60 |
| Private Process Server | $220.00 |
| Mediation Cost | $750.00 |
| Bond Premium Cost | $100.00 |
| | |
| OTHER COSTS: | |
| | |
| Pre-Acceleration Late Charges | $0.00 |
| | |
| Property Inspections | $733.50 |
| Appraisals | $336.00 |
| Hazard Insurance | $11,728.70 |
| Interest on Escrow Advance | $1,921.89 |
| Suspense Balance | ($1,704.15) |
| **JUDGMENT GRAND TOTAL** | **$400,026.75** |

That shall bear interest at the prevailing statutory rate pursuant to F.S.§55.03.

2. Plaintiff holds a first mortgage lien for the total sum superior to all claims or estates of Defendant(s) on the following described property in Palm Beach County, Florida:

Property Address: <u>14294 Paddock Drive, Wellington, FL 33414</u>
   a. Legal Description: <u>LOT 11, BLOCK 16, SUGAR POND MANOR OF WELLINGTON, ACCORDING TO THE PLAT THEREOF, ON FILE IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT IN AND FOR PALM BEACH COUNTY, FLORIDA, AS RECORDED IN PLAT BOOK 30, PAGE 20.</u>
   b. Parcel ID No. <u>73-41-44-04-01-016-0110</u>

The aforesaid lien of the Plaintiff is prior, paramount and superior to all rights, claim,

liens, interest, encumbrances and equities of the Defendants and all persons, firms or corporations claiming by, through or under said Defendants or any of them and the property will be sold free and clear of all claims of said Defendants, with the exception of any assessments pursuant to Florida Statutes §§718.116 and 720.3085.

3. If the total sum with interest at the rate described in Paragraph 1 and all costs accrued subsequent to this judgment are not paid, the Clerk of Court shall sell the property at public sale **no sooner than 120 days from the date of this Final Judgment,** on _____Nov. 4_____, 2014 to the highest bidder for cash, except as set forth in Paragraph 5, at www.mypalmbeachclerk.clerkauction.com, AT 10:00 A.M. in accordance with § 45.031 Fla. Stat. (1995).

4. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If the plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

5. Plaintiff may assign the judgment and right to bid without further order of the court.

6. On filing the certificate of title, the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate

prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this court.

7. On filing the certificate of sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under chapter 718 (2010) or chapter 720, Florida Statutes, if any. Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property.

8. This Court retains jurisdiction of this cause for the purpose of entering any and all further orders as may be necessary and proper including, without limitation, writs of possession.

9. IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, SHARON R. BOCK, PALM BEACH COUNTY COURTHOUSE, 205 NORTH DIXIE HIGHWAY, WEST PALM BEACH, FL 33401, (561) 355-2996, WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.
IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE

ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT FLORIDA RURAL LEGAL SERVICES, 3111 DIXIE HIGHWAY, SUITE 140, WEST PALM BEACH, FL 33401, 561-820-8902 TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT FLORIDA RURAL LEGAL SERVICES, 3111 DIXIE HIGHWAY, SUITE 140, WEST PALM BEACH, FL 33401, 561-820-8902 FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE

10. NOTWITHSTANDING ANY LANGUAGE HEREIN TO THE CONTRARY, BY AGREEMENT OF THE PARTIES, THE PLAINTIFF SHALL BE PROHIBITED FROM SEEKING OR OBTAINING A DEFICIENCY JUDGMENT AGAINST THE DEFENDANT(S) DOMINIC ZEOLI AND CAROL J. ZEOLI A/K/A CAROL ZEOLI.

**DONE AND ORDERED** in Open Court in Palm Beach County, Florida, this 7th day of July, 2014.

_____
Presiding Judge

Copies furnished to:

SHAPIRO, FISHMAN & GACHÉ, LLP, 2424 North Federal Highway, Suite 360, Boca Raton, FL 33431

Dominic Zeoli, c/o Andrew A. Pineiro, Esq., 4600 Military Trail, Suite 212, Jupiter, FL 33458

Carol J. Zeoli a/k/a Carol Zeoli, c/o Andrew A. Pineiro, Esq., 4600 Military Trail, Suite 212, Jupiter, FL 33458

Unknown Tenants in Possession #1 n/k/a Sabrina Zeoli, 14294 Paddock Drive, Wellington, FL 33414

Shapiro, Fishman & Gaché, LLP, SFGBocaService@logs.com

Dominic Zeoli, c/o Andrew A. Pineiro, Esq., apineiro@pblawfla.com

Carol J. Zeoli a/k/a Carol Zeoli, c/o Andrew A. Pineiro, Esq., apineiro@pblawfla.com

**CitiMortgage, Inc., as Successor by Merger to ABN AMRO Mortgage Group, Inc. v. Dominic Zeoli and Carol J. Zeoli a/k/a Carol Zeoli, His Wife, et al.**
**Court Case No. 50 2010 CA 028435 XXXX MB AV**

10-197728 FC01 CMI

```
                              0·  *
               274,419·030000  +
                87,758·580000  +
                   336·000000  +
                   733·500000  +
                11,728·700000  +
                14,878·600000  +
                 6,604·000000  +
                 1,946·000000  +
                     9·600000  +
                   325·000000  +
                   220·000000  +
                   750·000000  +
                   100·000000  +
                 1,704·150000  -
                 1,921·890000  +
               400,026·750000  *G
```





| | |
|---|---|
| Location Address | 14294 PADDOCK DR |
| Municipality | WELLINGTON |
| Parcel Control Number | 73-41-44-04-01-016-0110 |
| Subdivision | SUGAR POND MANOR OF WELLINGTON |
| Official Records Book | 11933    Page 1154 |
| Sale Date | JUL-2000 |
| Legal Description | SUGAR POND MANOR OF WELLINGTONLT 11 BLK 16 |

| Owners | Mailing address |
|---|---|
| ZEOLI CAROL J<br>ZEOLI DOMINIC & | 14294 PADDOCK DR<br>WELLINGTON FL 33414 7812 |

| Sales Date | Price | OR Book/Page | Sale Type | Owner |
|---|---|---|---|---|
| JUL-2000 | $165,000 | 11933 / 1154 | WARRANTY DEED | ZEOLI DOMINIC & |
| NOV-1995 | $139,000 | 09021 / 1513 | WARRANTY DEED | |
| MAR-1984 | $113,000 | 04185 / 1022 | WARRANTY DEED | |
| AUG-1983 | $15,500 | 04037 / 0147 | WARRANTY DEED | |
| AUG-1983 | $11,500 | 04037 / 0146 | WARRANTY DEED | |

| Exemption Applicant/Owner | Year | Detail |
|---|---|---|
| ZEOLI DOMINIC & | 2016 | |

| Number of Units | *Total Square Feet | Acres |
|---|---|---|
| 1 | 3316 | 0.24 |
| Use Code  0100 - SINGLE FAMILY | Zoning  RS - ( 73-WELLINGTON ) | |

| Tax Year | 2015 | 2014 | 2013 |
|---|---|---|---|
| Improvement Value | $213,997 | $186,076 | $163,159 |
| Land Value | $58,791 | $58,791 | $47,033 |
| Total Market Value | $272,788 | $244,867 | $210,192 |

All values are as of January 1st each year

| Tax Year | 2015 | 2014 | 2013 |
|---|---|---|---|
| Assessed Value | $196,006 | $194,450 | $191,576 |
| Exemption Amount | $50,000 | $50,000 | $50,000 |
| Taxable Value | $146,006 | $144,450 | $141,576 |

| Tax Year | 2015 | 2014 | 2013 |
|---|---|---|---|
| Ad Valorem | $3,260 | $3,260 | $3,210 |
| Non Ad Valorem | $540 | $565 | $534 |
| Total tax | $3,800 | $3,825 | $3,744 |

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov**

**IN RE:**                                                                                               **CASE NO.: 8:15-bk-09859-CED**
                                                                                                                            **CHAPTER 7**
**Joseph E. Donnelly,**

   **Debtor.**

_____/

**<u>ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY</u>**

THIS CASE came on for hearing on , on PROVIDENT FUNDING ASSOCIATES, L.P.'s ("Secured Creditor") Motion for Relief from the Automatic Stay (Docket No. ##). The Court heard argument of the Parties and has based its decision on the record. Accordingly, it is:

14-74272 - ChL

PAGE 1

**ORDERED**:

1. Secured Creditor's Motion for Relief from Automatic Stay is GRANTED.

2. The automatic stay imposed by 11 U.S.C. § 362 is terminated as to the Secured Creditor's interest in the following property located at 4332 WATERFORD LANDING DRIVE, LUTZ, FL 33558 in Hillsborough County, Florida, and legally described as:

    LOT 6, BLOCK 22, OF HERITAGE HARBOR - PHASE 2A AND 8A, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 83, PAGE 94, OF THE CURRENT PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA. APN#012928-1044

3. The Order Granting Relief from Stay is entered for the sole purpose of allowing Secured Creditor to obtain an *in rem* judgment against the property described above. Secured Creditor shall not seek an *in personam* judgment against Debtor(s).

4. Secured Creditor is further granted relief in order to contact the Debtor(s) by telephone or written correspondence in order to discuss the possibility of a forbearance agreement, loan modification, refinance agreement or loan workout/loss mitigation agreement.

5. Attorneys' fees in the amount of $400.00 and costs in the amount of $176.00 are awarded for the prosecution of this Motion for Relief from Stay, but are not recoverable from the Debtor(s) or the Debtor(s)' Bankruptcy estate.

###

Attorney, {ATTYNAME}, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.